UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

_____
In re:                                      ) Case No. 14-22602-dob
                                            )
TREETOPS ACQUISITION COMPANY, LLC,          ) Chapter 11
                                            )
                Debtor.                     ) HON. DANIEL S. OPPERMAN
_____         )
                                            )
                                            )

**FIRST DAY MOTION FOR ORDER GRANTING AUTHORITY TO FUND PAYMENTS TO PEO FOR PAYMENTS TO LEASED EMPLOYEES**

Treetops Acquisition Company, LLC (the "Debtor"), by and through its proposed counsel, Kerr, Russell and Weber, PLC, and for its First Day Motion For Order Granting Authority to Fund Payments to PEO for Payments to Leased Employees (the "Motion"), states as follows:

### JURISDICTION AND VENUE

1. The Debtor respectfully requests that the Court schedule a hearing on or before December 4, 2014, to authorize Debtor to pay certain Prepetition Wages, Compensation and Employee Benefits as described in this Motion in order to avoid immediate and irreparable harm to the estate.

2. On November 25, 2014, (the "Petition Date"), the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code" or "Code").

3. Since the Petition Date, the Debtor has operated as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Code.

4. No official committee of creditors holding unsecured claims has been appointed in this case. No trustee or examiner have been appointed.

5. This Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This is a core proceeding, pursuant to 28 U.S.C. § 157 (b).

## OVERVIEW OF DEBTOR

7. The Debtor was formed in 2002 to acquire by purchase substantially all of the real and personal property of the Treetops golf and ski resort (the "Treetops Resort").

8. The Treetops Resort is located at 3962 Wilkinson Rd, Gaylord, MI 48735 (the "Property") and is considered a premier full-service golf, ski and spa destination resort with 5 golf courses, 23 ski runs, restaurants, lodging and conference facilities, day care and a golf school. The Debtor's facilities are open to the general public and are also used to host a variety of golf events and tournaments. The Debtor also owns acreage contiguous to golf courses suitable for the development of residential home sites and condominiums.

9. Debtor uses a professional employer organization Acrisure Business Outsourcing Services, LLC ("Acrisure") and currently has 267 leased employees ("Leased Employees"), consisting of 109 full-time and 158 are part-time Leased Employees.

10. Debtor had approximately $12,391,818 in gross income in 2013 and thus far in calendar year 2014 has approximately $12,610,000 in gross income.

11. Barry Owens is the manager of Debtor, but he is not a member of the Debtor entity.

## PREPETITION EMPLOYEE OBLIGATIONS

12. In the ordinary course, Debtor has incurred obligations for payments to Acrisure for 267 Leased Employees for services provided in connection with Debtor's operations.

13. The number of Leased Employees the Debtor employs varies depending on the season.

14. Prior to Petition Date, Debtor made payments to Acrisure for the Leased Employees on a bi-weekly basis every other Friday.

15. Debtor made most recently made the Acrisure payment on November 21, 2014 for the two-week period from November 2, 2014 to November 15, 2014. The November 21, 2014 the Acrisure payment totaled $144,973.32.

16. Debtor's next Acrisure payment is due December 5, 2014 for the two-week period from November 16, 2014 to November 29, 2014.

17. Debtor's estimates the bi-weekly Acrisure payment due on December 5, 2014 will not exceed $200,000.00 (the "Acrisure Obligation"). The increase from the November 21, 2014 payment is due, in part, to early snowfall and the opening of skiing season at the Property and the resulting need for additional Leased Employees.

18. A portion of the December 5, 2014 payment will be for services rendered by Leased Employees prior to the Petition Date.

19. Debtor estimates that the portion of the December 5, 2014 Acrisure Obligation attributable to the prepetition period will not exceed $200,000.00 (the "Prepetition Acrisure Obligation").

## RELIEF REQUESTED AND BASIS FOR RELIEF

20. By this Motion, Debtor requests entry of an Order, pursuant to §§363(b) and 105(a) of the Bankruptcy Code, authorizing Debtor to pay the Prepetition Acrisure Obligation as they become due in their normal course.

21. As a result of the commencement of this Chapter 11 case, and in the absence of an Order of the Court providing otherwise, Debtor will be prohibited from paying or otherwise satisfying the Prepetition Acrisure Obligation.

22. Accordingly, pursuant to §§363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, Debtor seeks authority (i) to pay the Prepetition Acrisure Obligation that become due and owing during the pendency of the Chapter 11 case and (ii) to continue its practices, programs, and policies with respect to the Prepetition Acrisure Obligation, as such practices, programs, and policies were in effect as of the Petition Date, including allowing employees to use vacation time accrued, but unused, as of the Petition Date.

23. Pursuant to §§507(a)(4) and 507(a)(5) of the Bankruptcy Code, the claims of a debtor's employees for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within ninety (90) days immediately preceding a Petition Date, and claims against Debtor for contributions to employee benefit plans arising from services rendered within one hundred eighty (180) days immediately prior to a Petition Date, are afforded unsecured priority status to the extent of $12,475.00 per employee.

24. In this case, no Leased Employee of Debtor will be receiving more than the cap under §§507(a)(4) and 507(a)(5).

25. Section 363(b)(1) of the Bankruptcy Code further provides that "the Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

26. Debtor's employees are essential to Debtor's continued operations. It is critical that Debtor continue its ordinary course policies, programs and procedures regarding its work force that were in effect prior to the Petition Date.

27. Payment of the Prepetition Acrisure Obligation in accordance with Debtor's prepetition business practices is in the best interests of Debtor, its estate, creditors, and all parties in interest, and will enable Debtor to continue to operate its businesses in an economic, efficient

manner with minimal disruption. Any further deterioration in morale could have a devastating impact on Debtor's operations and the value of its business.

28. Courts have approved the payment of prepetition claims for compensation, benefits, and expense reimbursements in Chapter 11 cases on similar grounds. See, e.g., *In re Quality Stores, Inc., et al.,* Case No.: 01-10662 (JDG) (Bankr. W.D. Mich 2001); see also *In re Genesis Worldwide, Inc., et al.,* Case No.: 01-36620 (TFW) (Bankr. S.D. Ohio 2001); *In re Ames Department Stores, Inc., et al.,* Case No.: 01-42217 (REG) (Bankr. S.D.N.Y. 2001); *In re Sun Healthcare Group, Inc.,* Case No.: 99-3657 (MFW) (Bankr. D. Del. 1999).

## NOTICE AND PRIOR MOTIONS

29. Debtor has served notice of this Motion upon (a) the Office of the United States Trustee; (b) secured creditors (c) equipment lessors; and (d) the twenty (20) largest unsecured creditors and Debtor asserts no other or further notice is necessary or required.

30. No previous request has been made for the relief sought hereby.

**WHEREFORE,** Debtor respectfully requests that this Court enter an order substantially in the form of Exhibit 1 approving the Motion and granting such other relief as is just and equitable.

        Respectfully submitted,

        KERR, RUSSELL AND WEBER, PLC
        Proposed Counsel for Debtor and Debtor-In-Possession

Dated: November 26, 2014      By: /s/ Daniel G. Byrne
        Jason W. Bank (P54447)
        Daniel G. Byrne (P72287)
        500 Woodward Ave., Suite 2500
        Detroit, Michigan 48226
        (313) 961-0200
        dbyrne@kerr-russell.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION – BAY CITY

_____

In re:                                                    ) Case No. 14-22602-dob
                                                          )
TREETOPS ACQUISITION COMPANY, LLC,                        ) Chapter 11
                                                          )
                                    Debtor.               ) HON. DANIEL S. OPPERMAN
_____                       )
                                                          )
                                                          )

## FIRST DAY ORDER AUTHORIZING DEBTORS TO FUND PAYMENTS TO PEO FOR PAYMENTS TO LEASED EMPLOYEES

This matter is before the Court on the First Day Motion For Order Granting Authority to Fund Payments to PEO for Payment to Leased Employees (the "Motion") filed by Treetops Acquisition Company, LLC (the "Debtor"); The Debtor seeks entry of an Order authorizing Debtor to make payments to Acrisure Business Outsourcing Services, LLC ("Acrisure") for payment of prepetition wages, compensation, payroll taxes and other related obligations owing by Acruisure to employees leased by the Debtor from Acrisure that may have arisen prior to the Debtor's bankruptcy filing (the "Order"); all capitalized terms used in this Order and not defined herein have the meanings set forth in the Motion; the Court has determined that notice was sufficient given the circumstances; any objections to the Motion have been overruled, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted in its entirety.

2.    Debtor is authorized to honor and pay all of the Prepetition Acrisure Obligation (as defined in the Motion) in the ordinary course of their business consistent with Debtor's prepetition business practices and policies.

3. No Leased Employee will receive more than $12,475.00 for wages, salaries or commissions and any payments in consideration for such services for the 180 days prior the Petition Date in accordance with §507(a)(4) of the Bankruptcy Code.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014 of otherwise, this Order shall be immediately effective and enforceable upon entry.