UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

| | |
|---|---|
| In re: | ) |
| | ) Case No. 14-22602-dob |
| TREETOPS ACQUISITION COMPANY, LLC, | ) |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) HON. DANIEL S. OPPERMAN |
| | ) |

**FIRST SUPPLEMENT TO DEBTOR'S COMBINED CHAPTER 11 PLAN
OF REORGANIZATION AND DISCLOSURE STATEMENT**

Debtor, Treetops Acquisition Company, LLC, hereby submits its First Supplement to the Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement [Docket No. 48] (the "Plan").[1]

**1. Date and Time of Confirmation Hearing**

The hearing on confirmation of the Plan is scheduled for Thursday, February 12, 2015 at 2:30 p.m. (EST) at the United States Bankruptcy Court for the Eastern District of Michigan, Northern Division – Bay City, Honorable Daniel S. Opperman's Courtroom, 111 First Street, Bay City, Michigan 48708.

**2. Schedule of Rejected Executory Contracts and Unexpired Leases**

A copy of the Schedule of Rejected Executory Contracts and Unexpired Leases (as described in Article VI, K of the Plan) is attached hereto as Exhibit A.

---

[1] All capitalized terms used but not defined in this First Supplement or its Exhibits shall have the meanings ascribed to such terms in the Plan.

**3.     List of Retained Causes of Action**

A copy of the list of Retained Causes of Action is attached hereto as Exhibit B.

**4.     Management of the Reorganized Debtor**

A copy of the document listing Managers of the Reorganized Debtor pursuant to 11 U.S.C. §1129(a)(5) is attached hereto as Exhibit C.

**5.     New Organizational Documents**

A copy of the New Organizational Documents will be filed by no later than the confirmation hearing date.

**6.     Summary of Structure of Plan**

A copy of the Summary of Structure of the Plan is attached hereto as Exhibit D.

Respectfully submitted,

TREETOPS ACQUISITION COMPANY, LLC

By:     */s/* Richard B. Owens
Name:  Richard B. Owens
Title:   Manager

Dated:  January 29, 2015

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC

By:     /s/ Jason W. Bank
          Jason W. Bank (P54447)
          Daniel G. Byrne (P72287)
500 Woodward Ave., Suite 2500
Detroit, MI  48226
(313) 961-0200
jbank@kerr-russell.com
*Counsel for Debtor and Debtor-In-Possession*

**Schedule of Rejected Executory
Contracts and Unexpired Leases**

1. Rejected Executory Contracts
    a. Agreement Regarding Golf, Ski and Hunting Privileges between the Debtor and Alexander and Ursula Prusakiewicz for the benefit of Alexander Prusakiewicz, Ursula Prusakiewicz, Brian Prusakiewicz, Victoria Prusakiewicz and Dalton Prusakiewicz, including all amendments thereto, if any[1].

2. Rejected Unexpired Leases
    a. New Equipment Leasing – Lease Agreement 801236 dated April 15, 2013, as amended by addendum dated March 24, 2014 covering six (6) Steiner 440 mower decks.[2]

9106585_1.DOCX

---

[1] The Debtor believes this Agreement is not an executory contract, however, the Debtor list this Agreement here as a precautionary matter in the event the Court were to determine that the Agreement is an executory contract.

[2] The Debtor believes this lease is not a true lease, but rather a disguised security interest properly classified as a PMSI Secured Claim in Class 3G; however, the lease is also listed here as a precautionary matter in the event the Court were to determine that the lease is a true lease.

**EXHIBIT B**

# Retained Causes of Action

**Article V.I of the Plan provides as follows:**

*I.  Preservation of Causes of Action*

*In accordance with section 1123(b) of the Bankruptcy Code, but subject in all respects to Article IX and Article V.J[1] hereof, the Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Plan Supplement, and such rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. The Reorganized Debtor may pursue such Causes of Action, as appropriate, in accordance with the best interests of the Reorganized Debtor.* ***To the fullest extent permitted by applicable law, no Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Causes of Action against it as any indication that the Debtor or the Reorganized Debtor will not pursue any and all available Causes of Action against it. The Debtor or the Reorganized Debtor, as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except for Released Claims[2] or as otherwise expressly provided in the Plan.*** *Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Court order, the Debtor or Reorganized Debtor, as applicable, expressly reserve all Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of the Confirmation or Consummation.*

*In accordance with section 1123(b)(3) of the Bankruptcy Code and except as otherwise set forth herein, any Causes of Action that a Debtor may hold against any Entity shall vest in the Reorganized Debtor. The applicable Reorganized Debtor, through its authorized agents or representatives, shall retain and may exclusively enforce any and all such Causes of Action. The Reorganized Debtor shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action, and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Court[3].*

Notwithstanding and without limiting the generality of Article V.I of the Plan, out of an abundance of caution, the Debtor has identified below certain specific types of Causes of Actions expressly preserved by the Debtor and the Reorganized Debtor that they intend to bring and/or assert, as more fully detailed below.

---

[1] This reference should be to Article V.J (Release of Avoidance Actions). This reference will be corrected in the Confirmation Order or a Plan amendment.

[2] The words "Released Claims" will be added to the Plan in the Confirmation Order or a Plan amendment.

[3] The introductory phrase to this sentence that read "*Subject to Article V.D, hereof*" is inapplicable and will be deleted from the Plan in the Confirmation Order or a Plan amendment.

The Debtor reserves the right to alter, amend, modify, or supplement the following list at any time in accordance with the Plan.

1.  Causes of Action arising or permitted under chapter 5 of the Bankruptcy Code or applicable state law, including preferences under section 547 of the Bankruptcy Code and fraudulent transfers. Potential parties to such Causes of Action include, but are not limited to, those parties receiving payments from the Debtor within 90 days of the Petition Date and insiders receiving payments within one year of the Petition Date listed on Statements 3B and 3C attached to the Debtor's Statement of Financial Affairs filed on December 15, 2014 [Docket No. 41], subject to the terms of the Combined Chapter 11 Plan of Reorganization and Disclosure Statement of Treetops Acquisition Company, LLC (the "Plan") [Docket No. 48].

2.  Causes of Action against Sigma Alpha Mu, Pi Kappa Alpha and Chi Psi fraternities and Sigma Delta Tau, Alpha Phi and Delta Gamma sororities and their members and any individuals or entities involved in the destruction of property at Debtor's resort in January 2015 by various students at the University of Michigan which resulted in more than $100,000 in damages. Debtor preserves any and all Causes of Action that may exist against insurance companies, the University of Michigan or any other entities or individuals.

3.  Causes of Action constituting objections to Claims and/or rights of setoff against Claims, including, without limitation, (i) objections to the Claim of Melling Resorts International, Inc. based on its unenforceability and/or setoff rights of the Debtor relating to that certain Asset Purchase Agreement dated July 10, 2001, between Melling Resorts International, Inc., as Seller, and Treetops Holding Company, as Buyer, as amended, and assigned to the Debtor, and (ii) objections to the Claim of Parmenter O'Toole (Claim No. 32-1] based upon setoff claims of the Debtor for legal malpractice.

4.  Causes of Action against utilities, vendors, suppliers of services or goods, or other parties for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual requirements or regulatory obligations, including but not limited to claims against New Equipment Leasing arising from that certain lease of six Steiner mower decks and claims against Perrou Contracting relating to painting of bathrooms.

5.  Causes of Action against vendors, suppliers of goods or services, or other parties for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtor before the assumption or rejection of the subject contracts.

6.  Causes of Action for payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, lessor, utility, supplier, vendor, insurer, surety, factor, lender, lessor or other party.

7.  Causes of Action against any current or former director, officer, employee or agent of the Debtor arising out of employment related matters, including Causes of Action regarding intellectual property, confidentiality obligations, non-compete agreements, employment

    contracts, notes receivable, wage and benefit overpayments, travel, contractual covenants, or employee fraud or wrongdoing.

8. Causes of Action arising out of environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies or suppliers of environmental services of goods.

9. Causes of Action against insurance carriers, reinsurance carriers, underwriters or surety bond issuers relating to coverage, indemnity, contribution, reimbursement or other matters.

10. Causes of Action against local, state, federal and foreign taxing authorities for refunds of overpayments or other payments.

11. Causes of Action against attorneys, accountants, consultants or other professional service providers relating to services rendered.

12. Contract, tort or equitable Causes of Action that may exist or subsequently arise.

13. Causes of Action of the Debtor arising under section 362 of the Bankruptcy Code.

14. Equitable subordination, recharacterization or other Causes of Action arising under section 510 of the Bankruptcy Code or other applicable law.

15. Turnover Causes of Action arising under section 542 or 543 of the Bankruptcy Code.

16. Causes of Action for unfair competition, interference with contract or potential business advantage, conversion, infringement of intellectual property or other business tort claims.

17. Causes of Action based in whole or in part upon any and all postings of a security deposits, adequate assurance payment, or any other type of deposit or collateral, regardless of whether such posting of security deposit, adequate assurance payment, or any other type of deposit or collateral is explicitly identified in the Plan, this Plan Supplement or any amendments thereto.

18. Causes of Action, whether sounding in contract, tort, statute or otherwise, against or related to each Entity that is party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial, regardless of whether such Causes of Action are explicitly identified in the Plan, this Plan Supplement or any amendments thereto, and including, without limitation those litigation, arbitration or other types of adversarial proceedings or dispute resolution proceedings listed on the Debtor's Schedules of Assets and Liabilities filed December 15, 2014 [Docket No. 41], as amended from time to time, and Debtor's Statement of Financial Affairs Liabilities filed December 15, 2014 [Docket No. 41], as amended from time to time.

19. Causes of Action against or related to all Entities that owe or that may in the future owe money to the Debtor or Reorganized Debtor, regardless of whether such Entity is explicitly identified in the Plan, this Plan Supplement or any amendments thereto.

*EXHIBIT B*

    Furthermore, the Debtor expressly reserves all Causes of Action against or related to all Entities who assert or may assert that the Debtor or Reorganized Debtor owe money to them.

20. Causes of Action against or related to all customers that owe or may in the future owe money to the Debtor or Reorganized Debtor, whether for unpaid invoices; unreturned, missing, or damaged inventory; or any other matter whatsoever, including contracts, regardless of whether such Causes of Action are explicitly identified in the Plan, this Plan Supplement or any amendments thereto.

21. Causes of Action for real estate taxes paid by Treetops on real property owned by unrelated third parties, including, without limitation, Melling Resorts International, Inc.

9084230_1.DOCX

*EXHIBIT C*

## Management of the Reorganized Debtor

Pursuant to Article V.G. of the Combined Chapter 11 Plan of Reorganization and Disclosure Statement of Treetops Acquisition Company, LLC dated December 23, 2014 (as may be amended from time to time, the "Plan") [Docket No. 48] and Section 1129(a)(5) of the Bankruptcy Code, this disclosure lists the identity of the manager of the Reorganized Debtor and the compensation to be paid to the manager.

| | |
|---|---|
| Manager of Reorganized Debtor: | Richard B. Owens |
| Compensation of Manager: | |
| Annual Base Salary: | $200,000 subject to annual adjustments based on evaluation of performance if reasonable performance expectations are met or exceeded |
| Incentive Bonus: | Annual bonus equal to (i) 5% of increase in Net Operating Income (if NOI is negative, or (ii) 10% of increase in Net Operating Income (if NOI is positive) |
| Benefits: | Same as other full-time executive and senior management employees. Reimbursement of reasonable expenses, including travel and entertainment, while performing duties. |

9084646_1.DOCX

## Summary of Structure of the Plan

1. The Senior Secured Lender will exchange the Senior Secured Debt for 100% of the New Equity in the Reorganized Debtor.

2. Substantially all of the PMSI Secured Claims shall be treated as fully secured and receive regular scheduled payments and, over 6 months, payments on arrearages.

3. The Reorganized Debtor will assume and cure all unexpired leases.

4. All other Claims shall not receive any consideration under the Plan.

5. All Existing Equity Interests shall be extinguished.

6. All real and personal property of the Debtor shall re-vest in the Reorganized Debtor free and clear of all liens, security interests, encumbrances, except for liens, security interests, encumbrances and interests specifically set forth in the Plan.

7. The Debtor and all Released Parties shall be released from all liability to any other Released Party and any holder of a Claim.

9106572_1.DOCX

{37074/1/DT922158.DOCX;2}

14-22602-dob    Doc 81    Filed 01/29/15    Entered 01/29/15 16:20:52    Page 10 of 10