UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    TREETOPS ACQUISITION COMPANY, LLC,    Case No. 14-22602-dob
        Debtor.    Chapter 11 Proceeding
        Hon. Daniel S. Opperman

_____/

OPINION REGARDING SECOND OMNIBUS OBJECTION OF
DEBTOR, TREETOPS ACQUISITION COMPANY, LLC,
TO THE ALLOWANCE OF CLAIMS FILED BY THE PRUSAKIEWICZ FAMILY

Introduction and Facts

Alexander, Brian, Dalton, Ursula, and Victoria Prusakiewicz ("Prusakiewicz Family") filed claims stating that each of them have a lifetime right to golf, ski, and hunt on the Debtor's property. These rights emanate from various sales of real estate by members of the Prusakiewicz Family to Melling Resorts International, Inc. ("Melling Resorts"), and a subsequent settlement between and among members of the Prusakiewicz Family with Melling Resorts. Per these agreements, each individual enjoyed a lifetime right to golf, ski, and hunt at the Debtor's resort, all for free. Melling Resorts subsequently signed their rights and obligations to the Debtor. After the Debtor filed its Chapter 11 Petition, each member of the Prusakiewicz Family filed a proof of claim stating that the basis for the claim was "Real estate sold with restrictions; Lifetime rights to golf, ski, and hunt on Debtor's property" with no specific dollar amount.

The Debtor filed its Second Omnibus Objection ("Objection") to the Prusakiewicz Family claims, stating that the rights stated in the claims are really privileges and are not subject to any recorded grant of any lien or other interest that runs with the land. The Debtor's Objection does, however, indicate that it does not seek to impair the hunting rights reservation, which runs in favor of Alexander and Ursula Prusakiewicz as to the Alexander Prusakiewicz property. Otherwise, the

1

Debtor states that at best the Prusakiewicz Family claims are general unsecured claims and that no dollar amount is specified. Further, the Debtor argues that assuming arguendo that the Prusakiewicz Family agreements are executory contracts, the Debtor has listed these agreements as rejected executory contracts.

The Prusakiewicz Family filed a Response to the Debtor's Objection by way of letter dated March 7, 2015, and filed with this Court on March 11, 2015. The Prusakiewicz Family disputes the contentions stated by the Debtor and requests that this Court confirm their rights to golf, ski, and hunt on the Debtor's property free of charge.

On April 16, 2015, the Court held a hearing regarding the Debtor's Objection and the Prusakiewicz Family appeared, as well as counsel for the Debtor. At this hearing, each party stated that the necessary facts to decide the Debtor's Objection and the Response of the Prusakiewicz Family to that Objection were before the Court and that no further additional facts were needed. The Court noted that the Debtor's then most recent Chapter 11 Plan was set for confirmation hearing and objections to that Chapter 11 Plan were filed. Thereafter, the Court denied confirmation of the Debtor's Chapter 11 Plan, as amended, and was subsequently informed that the Debtor would file a Third Amended Chapter 11 Plan. Recently, the Debtor filed such a Plan. Per the Third Amended Chapter 11 Plan, it appears that the Debtor treats the claims of the Prusakiewicz Family as a rejected executory contract. It appeared earlier that the Third Amended Chapter 11 Plan could have resulted in a different treatment of the Prusakiewicz Family claims, but that is not the case. At present, the Court concludes that this matter is ripe for a decision.

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334,

and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (the allowance or disallowance of claims against the estate).

Most recently, the United States Supreme Court has determined that so long as the parties knowingly and voluntarily consent, Article III allows bankruptcy judges to adjudicate certain claims. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

### Applicable Statutes

Federal Rule of Bankruptcy Procedure 3001(f) states:

Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

The objecting party's burden is by the preponderance of the evidence. *California State Bd. Of Equalization v. Official Unsecured Creditor's Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696 (5th Cir. 1988).

An objecting party to a proof of claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. If the objecting party produces evidence to refute allegations essential to the legal sufficiency of the claim, the burden of persuasion shifts back to the claimant. *In re Hughes*, 313 B.R. 205 (Bankr. E.D. Mich. 2004).

### Analysis

Initially, the Court notes that proofs of claim filed by the Prusakiewicz Family are deemed prima facie evidence of the validity and amount of the claim. Each claim, however, fails to state a dollar amount and instead seeks to preserve legal rights negotiated by each member of the Prusakiewicz Family for free golfing, skiing, and hunting at the Debtor's resort. The rights enjoyed

3

by the Prusakiewicz Family are subject to performance by both the Prusakiewicz Family, that is the exercise of the right, and the allowance of that right by the Debtor. As such, each side needs to perform its portion of their agreement, thus creating a classic executory contract situation. *See, e.g., Rieser v. Dayton County Club Co. (In re Magness)*, 972 F.2d 689, 694 (6th Cir. 1992).

Here, the Debtor has elected to reject each executory contract. Although the Debtor's Third Amended Chapter 11 Plan has not yet been confirmed, in the event that occurs, the Prusakiewicz Family's rights, other than those of Alexander and Ursula Prusakiewicz to hunt on the Alexander Prusakiewicz property will be extinguished. Since the Court does not see any specific creation, much less perfection of, a security interest protecting the Prusakiewicz Family's claims, their claims, other than the hunting rights of Alexander and Ursula Prusakiewicz to the Alexander Prusakiewicz property, extinguish. As their respective proofs of claim currently stand, the lack of any dollar amount would result in no money being paid to any claimant.

As the Prusakiewicz Family points out in their Response to the Debtor's Objection, however, the right to golf, ski, and hunt for free has an economic value. While those rights are not preserved in the Debtor's Third Amended Chapter 11 Plan, those rights can be calculated.

The Court concludes that the Debtor's Objection is sustained. Per the Objection, the hunting rights of Alexander and Ursula Prusakiewicz on the Alexander Prusakiewicz property is not in issue and those rights still remain for Alexander and Ursula Prusakiewicz. As for the remainder of the claims of the Prusakiewicz Family, the Court will allow each claim to be amended to state the value of the golfing, skiing, and hunting rights lost by each member. A possible method to calculate this claim would be to determine the amount charged by the Debtor on an annual basis for unlimited golfing and skiing, multiply that amount by the life expectancy of each claimant, and then reduce

4

that amount to present cash value.  As to the hunting rights, the same inquiry could be made and if the Debtor does not have a schedule of fees for hunting, then each claimant would be entitled to inquire of other like resorts or lodges and base each calculation upon that fee amount.  Each member of the Prusakiewicz Family is granted leave to amend their claim within sixty-three (63) days from the date of this Opinion.

Counsel for the Debtor is directed to prepare an Order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on June 30, 2015**

                                            **/s/ Daniel S. Opperman**
                                            **Daniel S. Opperman**
                                            **United States Bankruptcy Judge**